**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.   GEORGE H. ASKEW,
2.   **ROMELL E. BULLOCK**,
3.   GREGORY A. COLLINS,
4.   GEORGE A. GADDY,
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER,
16.  CLIFFORD M. WRIGHT,

        Defendants.

---

**DEFENDANT BULLOCK'S MOTION FOR A BILL OF PARTICULARS**

---

Defendant Romell E. Bullock, by and through counsel, John Henry Schlie, hereby moves pursuant to Rules 12(b), 47, and 7(f) Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the Constitution of the United States, for a bill of particulars. In In support of said Motion, Mr. Bullock respectfully states to the Court as follows:

    1. Mr. Bullock has been charged in the First Superceding Indictment filed in this case on February 6, 2012, with maintaining a drug-involved premises, the Hell's Lovers Motorcycle Club clubhouse, in violation of 21 U.S.C. § 856(a)(1) and (2) and with conspiracy to maintain a

drug-involved premises, again the Hell's Lovers Motorcycle Club clubhouse, in violation of 21 U.S.C. § 846 and 856(a)(1) and (2).

    2. 21 U.S.C. § 856(a) provides as follows:

> Except as authorized by this subchapter, it shall be unlawful to –
>
> (1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance;
>
> (2) manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

From the face of the First Superceding Indictment, it is impossible to determine whether Mr. Bullock is accused of violating, or conspiring to violate, subsection (1) or (2) as both are cited in Counts Thirty-One and Thirty-Two.

    3. "The proper method to challenge and prevent the prosecution from changing its theory of the case is through a bill of particulars. U.S. v. Doe, 572 F.3d 1162, 1176 (10th Cir. 2009) , citing Sullivan v. United States, 411 F.2d 556, 558 (10th Cir.1969). A bill of particulars entitles defendants to notice of the government's theory of the case. Doe, *supra*., at 1176, citing United States v. Tyler, 42 Fed.Appx. 186, 190 (10th Cir.2002).

    4. In the present case, Mr. Bullock is entitled to notice of the government's theory of the case, whether it is proceeding under 21 U.S.C. § 856(a)(1) or (2), in order to have adequate

opportunity to prepare a defense and have a fair trial.

WHEREFORE, Mr. Bullock prays that this Court enter an order granting Mr. Bullock a bill of particulars and for such further relief as the Court may deem to be just and appropriate in the premises.

Respectfully submitted this 16th day of February, 2012.

                s/ John Henry Schlie
                **John Henry Schlie**
                Law Office of John Henry Schlie, P.C.
                7100 E. Belleview Avenue, Suite G-11
                Greenwood Village, Colorado 80111
                Telephone: (303) 830-1616
                FAX: (303) 860-1297
                E-mail: johnhenry@schlielawfirm.com
                ATTORNEY FOR DEFENDANT
                ROMELL E. BULLOCK

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2012, I electronically filed the foregoing **DEFENDANT BULLOCK'S MOTION FOR A BILL OF PARTICULARS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Guy Till, Assistant United States Attorney
guy.till@usdoj.gov

Edward Robin Harris, Esq.
Edward_Harris@fd.org

R. Scott Reisch, Esq.
rscottreisch@att.net

Jeffrey Richard Edelman, Esq.
jredel@earthlink.net

Scott Jurdem, Esq.
sj@jurdem.com

Miller M. Leonard, Esq.
miller@themillerleonardlawfirm.com

Joseph Saint-Veltri, Esq.
jsvlawoffice@gmail.com

Dennis W. Hartley, Esq.
Julia@hartleyslaw.com

Thomas James Hammond
hammondlaw@solucian.com

Normando R. Pacheco, Esq.
joannasweetpea6@aol.com

Charles W. Elliott
CWEMDEDME@aol.com

Darren Cantor, Esq.
darren@cantorlaw.net

Ariel Zusya Benjamin, Esq.
abenjamin@springersteinberg.com

Harvey Abe Steinberg, Esq.
law@springersteinberg.com

Douglas Leo Romero, Esq.
dougromero@coloradochristiandefensecounsel.com

Eric Michael Lee, Esq.
ericlee@coloradochristiandefensecounsel.com

Timothy D. Edstrom, Esq.
timedstrom@coloradochristiandefensecounsel.com

Jonathan S. Willett, Esq.
jwillett@willettlaw.net

Ronald John Hahn, Esq.
rhahn3677@hotmail.com

<u>s/ John Henry Schlie</u>
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, Colorado 80111
Telephone: (303) 830-1616
FAX: (303) 860-1297
E-mail: johnhenry@schlielawfirm.com
ATTORNEY FOR DEFENDANT
ROMELL E. BULLOCK
