**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.   GEORGE H. ASKEW,
2.   **ROMELL E. BULLOCK**,
3.   GREGORY A. COLLINS,
4.   GEORGE A. GADDY,
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER,
16.  CLIFFORD M. WRIGHT,

        Defendants.

---

**DEFENDANT BULLOCK'S MOTION FOR SEVERANCE OF COUNTS THIRTY-ONE AND THIRTY-TWO OF THE FIRST SUPERSEDING INDICTMENT**

---

       Defendant Romell E. Bullock, by and through counsel, John Henry Schlie, hereby moves pursuant to Rules 12(b), 47, 8(a) and 14(a) Federal Rules of Criminal Procedure, for severance of Counts Thirty-One and Thirty-Two of the First Superseding Indictment for purposes of trial. In support of said Motion, Mr. Bullock would respectfully state to the Court as follows:

       1. The First Superceding Indictment filed in this case consists of thirty-eight counts and 16 defendants. All of the defendants are charged in Count Thirty-Two with maintaining a drug-

involved premises, the Hell's Lovers Motorcycle Club clubhouse, in violation of 21 U.S.C. § 856(a)(1) and (2).  9 of the defendants are charged in Count Thirty-One with conspiracy to maintain a drug-involved premises, again the Hell's Lovers Motorcycle Club clubhouse,  in violation of 21 U.S.C. § 846 and 856(a)(1) and (2).   The remaining counts are substantive counts against individual defendants for distribution of controlled substances, unlawful possession of firearms, and maintaining a drug-involved premises other than the Hell's Lovers Motorcycle Club clubhouse.  However, 7 of the 16 defendants charged in Counts Thirty-One and Thirty-Two, including Mr. Bullock, are not charged in any of the other substantive counts.  Moreover, and most importantly, although the defendants have not received nearly all of the discovery at this time, it is not known that any of the substantive drug distribution counts are alleged to have occurred on the premises of  the Hell's Lovers Motorcycle Club clubhouse.  It is believed that no controlled substances were found when the search and arrest warrants were executed on the premises of  the Hell's Lovers Motorcycle Club clubhouse on January 20, 2012.

    2. Rule 8(a) of the Federal Rules of Criminal Procedure, states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

    3. Rule 14(a) of the Federal Rules of Criminal Procedure, states:

> If the joinder of offenses ... in an indictment ... appears to prejudice a defendant ..., the court may order separate trials of counts... or

provide any other relief that justice requires.

4. Mr. Bullock moves for a severance of Counts Thirty-One and Thirty-Two on the basis of both misjoinder under Rule 8(a) and prejudice under Rule 14(a).  It is believed that the substantive distribution counts charged against the other defendants, while arguably similar in character, were not parts of the same transactions or part of a common scheme or plan.  Even if the government can show some connection, however, the prejudice from trying the other substantive counts with Counts Thirty-One and Thirty-Two would be significant and palpable.  Mr. Bullock is charged with maintaining a drug-involved premises, specifically the Hell's Lovers Motorcycle Club clubhouse, and conspiracy to do so.  At a trial on all counts, it can be logically presumed that some evidence would be admitted regarding a number of controlled substance distributions at locations other than the Hell's Lovers Motorcycle Club clubhouse, including within 1,000 feet of a school, the possession of firearms by prohibited individuals, the possession of firearms in furtherance of drug trafficking felonies, and the felony convictions of other defendants.  Mr. Bullock would submit that at a separate trial on Counts Thirty-One and Thirty-Two, much if not all of that evidence would be excluded pursuant to Rules 402 and 403 of the Rules of Evidence.  A trial on all counts, on the other hand, would affect Mr. Bullock's substantial rights and cause him actual prejudice because that evidence would have a substantial and injurious effect or influence in determining the jury's verdict and deny Mr. Bullock a fair trial.  *See* United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986) .  A limiting instruction, in light of the volume of evidence that would not pertain to Counts Thirty-One and Thirty-Two would not cure the prejudice or ensure that the jury would not be negatively influenced by its spillover effect.

5. Because the severance requested does not affect the conspiracy count, no presumption against severance occurs. Furthermore, it is at worst unclear as to whether the denial of the severance would save any significant time or resources, inconvenience to witnesses or pretrial delays.

WHEREFORE, Mr. Bullock prays that this Court enter an order granting a severance of Counts Thirty-One and Thirty-Two for purposes of trial and for such further relief as the Court may deem to be just and appropriate in the premises.

Respectfully submitted this 16th day of February, 2012.

s/ John Henry Schlie
**John Henry Schlie**
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, Colorado 80111
Telephone: (303) 830-1616
FAX: (303) 860-1297
E-mail: johnhenry@schlielawfirm.com
ATTORNEY FOR DEFENDANT
ROMELL E. BULLOCK

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2012, I electronically filed the foregoing **DEFENDANT BULLOCK'S MOTION FOR SEVERANCE OF COUNTS THIRTY-ONE AND THIRTY-TWO OF THE FIRST SUPERSEDING INDICTMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Guy Till, Assistant United States Attorney
guy.till@usdoj.gov

Edward Robin Harris, Esq.
Edward_Harris@fd.org

R. Scott Reisch, Esq.
rscottreisch@att.net

Jeffrey Richard Edelman, Esq.
jredel@earthlink.net

Scott Jurdem, Esq.
sj@jurdem.com

Miller M. Leonard, Esq.
miller@themillerleonardlawfirm.com

Joseph Saint-Veltri, Esq.
jsvlawoffice@gmail.com

Dennis W. Hartley, Esq.
Julia@hartleyslaw.com

Thomas James Hammond
hammondlaw@solucian.com

Normando R. Pacheco, Esq.
joannasweetpea6@aol.com

Charles W. Elliott
CWEMDEDME@aol.com

Darren Cantor, Esq.
darren@cantorlaw.net

Ariel Zusya Benjamin, Esq.
abenjamin@springersteinberg.com

Harvey Abe Steinberg, Esq.
law@springersteinberg.com

Douglas Leo Romero, Esq.
dougromero@coloradochristiandefensecounsel.com

Eric Michael Lee, Esq.
ericlee@coloradochristiandefensecounsel.com

5

Timothy D. Edstrom, Esq.
timedstrom@coloradochristiandefensecounsel.com

Jonathan S. Willett, Esq.
jwillett@willettlaw.net

Ronald John Hahn, Esq.
rhahn3677@hotmail.com

                                                                  s/ John Henry Schlie
                                                                  Law Office of John Henry Schlie, P.C.
                                                                  7100 E. Belleview Avenue, Suite G-11
                                                                  Greenwood Village, Colorado 80111
                                                                  Telephone: (303) 830-1616
                                                                  FAX: (303) 860-1297
                                                                  E-mail: johnhenry@schlielawfirm.com
                                                                  ATTORNEY FOR DEFENDANT
                                                                  ROMELL E. BULLOCK