**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.   GEORGE H. ASKEW,
2.   **ROMELL E. BULLOCK**,
3.   GREGORY A. COLLINS,
4.   GEORGE A. GADDY,
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER,
16.  CLIFFORD M. WRIGHT,

        Defendants.

---

**DEFENDANT BULLOCK'S MOTION TO COMPEL DISCLOSURE OF**

**INFORMATION REGARDING CONFIDENTIAL INFORMANT**

---

       Defendant Romell E. Bullock, by and through counsel, John Henry Schlie, hereby moves pursuant to Rules 12(b) and 47, Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the Constitution of the United States, for an order compelling the Government to disclose information in its files concerning the confidential informant involved in the activities underlying the charges in the First Superceding Indictment. In support of said Motion,

Mr. Bullock respectfully states to the Court as follows:

1. Mr. Bullock has been charged in the First Superceding Indictment filed in this case with maintaining a drug-involved premises, the Hell's Lovers Motorcycle Club clubhouse, in violation of 21 U.S.C. § 856(a)(1) and (2) and with conspiracy to maintain a drug-involved premises, again the Hell's Lovers Motorcycle Club clubhouse, in violation of 21 U.S.C. § 846 and 856(a)(1) and (2).

. 2. The Government has produced only a small portion of the discovery in this matter to date. However, according to that discovery, the government utilized at least five confidential informants during the investigation of the case. Each of the confidential informants claimed to have knowledge concerning conduct that allegedly occurred in the Hell's Lovers Motorcycle Club clubhouse. Therefore, the confidential informants are possible percipient and critical witnesses to one or more alleged acts of Mr. Bullock which could implicate him in the conspiracy to maintain a drug-involved premises as alleged in Count Thirty-One of the Indictment. The Government has not disclosed the identity of any of the confidential informants, nor any pertinent information regarding them, although there is a reference in the discovery that at least one of the informants was compensated for their participation in this matter.

3. Under these circumstances, the Government must disclose the identity of, as well as other information about, the confidential informants. In Roviario v. United States, 353 U.S. 53, 62 (1957), the U.S. Supreme Court held that a trial court should balance the public interest in protecting the identity of the informant against the need for disclosure to prepare an adequate defense. In the latter regard, the Court held that the defense is entitled to the informant's identity if the informant was a percipient witness to or directly participated in the criminal transaction.

*Id.* at 61-62.  Since, as discussed above, the confidential informants may have been percipient witnesses to some of Mr. Bullock's alleged criminal deeds, the identity of the confidential informants must be disclosed to Mr. Bullock, along with other information.[1]

    4.  The Government also should be compelled to produce the confidential informants' criminal records, United States v. Auten, 632 F.2d 478 (5th Cir. 1980); all information concerning promises of leniency, consideration or compensation given to the witness or which may be used to impeach the credibility of the witness, Giglio v. United States, 405 U.S. 150 (1972); any proffer statements made by the confidential informants during communications with the Government, United States v. Sudikoff, 36 F.Supp.2d 1196, 1203 (C.D. CA 1999); and any evidence concerning narcotic habits by the confidential informants, United States v. Fowler, 465 F.2d. 664 (D.C. Cir. 1972).  This request encompasses a demand for production of the applicable law enforcement agency's internal informant file on the confidential informants.  It is the understanding of the undersigned that most law enforcement agencies maintain an informant file on each confidential informant employed by the agency.  Such files are likely to contain an assortment of information that is discoverable under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  More specifically, Mr. Bullock requests all information related to the confidential informants or any other informant whose identity is subject to disclosure regarding:

    a.  the length of the informant's status as an informant and a copy of any written agreements between the informant and the Government or any state agency;

    b.  whether the informant was a user or distributer of any controlled substances, and, if

---

[1] This Court may hold an *in camera* hearing on the disclosure of the identity of the confidential informant.  United States v. Martinez, 979 F.2d 1424, 1426 (10th Cir. 1992), *cert. denied*, 507 U.S. 1022 (1993), citing Gaines v. Hess, 662 F.2d 1364, 1369 (10th Cir. 1981).

3

so, the complete nature and extent of his/her drug use and trafficking;

    c.  whether the informant has, since becoming an informant, continued to use or distribute any controlled substance and all information concerning such use or distribution;

    d.  whether the informant was suspected, apprehended or convicted of any crime(s) at any time prior to, during or subsequent to the time at which he/she agreed to assist the Drug Task Force or any other federal or state law enforcement agency, including but not limited to and potential criminal charges that were abandoned, altered or otherwise disposed of;

    e.  information tending to show bias and/or prejudice on the part of the informant;

    f.  information tending to show that the informant has made contradictory or inconsistent statements relative to this case or any other case.

    g.  information tending to show that the informant suffered from any material defect in perception, memory, veracity or articulation;

    h.  a list of all cases by name, jurisdiction and case or file number in which the informant has provided assistance to law enforcement agencies or testimony.

    WHEREFORE, Mr. Bullock prays that this Court enter an order for the disclosure of the identity and pertinent information regarding the confidential informants utilized by the government and for such further relief as the Court may deem to be just and appropriate in the premises.

    Respectfully submitted this 16th day of February, 2012.

    s/ John Henry Schlie
**John Henry Schlie**
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11

        Greenwood Village, Colorado 80111
        Telephone: (303) 830-1616
        FAX: (303) 860-1297
        E-mail: johnhenry@schlielawfirm.com
        ATTORNEY FOR DEFENDANT
        ROMELL E. BULLOCK

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2012, I electronically filed the foregoing **DEFENDANT BULLOCK'S MOTION TO COMPEL DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Guy Till, Assistant United States Attorney
guy.till@usdoj.gov

Edward Robin Harris, Esq.
Edward_Harris@fd.org

R. Scott Reisch, Esq.
rscottreisch@att.net

Jeffrey Richard Edelman, Esq.
jredel@earthlink.net

Scott Jurdem, Esq.
sj@jurdem.com

Miller M. Leonard, Esq.
miller@themillerleonardlawfirm.com

Joseph Saint-Veltri, Esq.
jsvlawoffice@gmail.com

Dennis W. Hartley, Esq.
Julia@hartleyslaw.com

Thomas James Hammond
hammondlaw@solucian.com

Normando R. Pacheco, Esq.
joannasweetpea6@aol.com

Charles W. Elliott
CWEMDEDME@aol.com

Darren Cantor, Esq.
darren@cantorlaw.net

Ariel Zusya Benjamin, Esq.
abenjamin@springersteinberg.com

Harvey Abe Steinberg, Esq.
law@springersteinberg.com

Douglas Leo Romero, Esq.
dougromero@coloradochristiandefensecounsel.com

Eric Michael Lee, Esq.
ericlee@coloradochristiandefensecounsel.com

Timothy D. Edstrom, Esq.
timedstrom@coloradochristiandefensecounsel.com

Jonathan S. Willett, Esq.
jwillett@willettlaw.net

Ronald John Hahn, Esq.
rhahn3677@hotmail.com

s/ John Henry Schlie
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, Colorado 80111
Telephone: (303) 830-1616
FAX: (303) 860-1297
E-mail: johnhenry@schlielawfirm.com
ATTORNEY FOR DEFENDANT
ROMELL E. BULLOCK